# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**IN RE CLINTON SAILING**
**CLUB, INC.,**                              17cv1286 (WWE)

## RULING ON DEFENDANTS' MOTION TO DISMISS

In this action, petitioner Clinton Sailing Club has filed a statutory Petition for Exoneration from or Limitation of Liability, stemming from claimant Julia Farnoli's injury that occurred when her nose was struck by the boom on a vessel owned by petitioner. Claimant has filed this motion to dismiss, arguing that petitioner did not file the petition within the statutory period of six months from "written notice" of the claim as required by 46 U.S.C. § 30511(a).

A written notice sufficient to trigger the filing-period must inform the vessel owner of an actual or potential claim which may exceed the value of the vessel and is subject to limitation. Doxsee Sea Clam Co., Inc. v. Brown, 13 F.3d 550, 554 (2d Cir. 1994) (finding that itemization of medical bills was sufficient to inform of potential for substantial damages in excess

1

of vessel value).

The instant petition was filed on August 1, 2017, which is within six months from an attorney letter forwarded to petitioner on February 13, 2017, stating: "Please be informed that I represent Julia Farnoli for injuries that she sustained when she was attending classes at the Clinton Sailing Club. I request that you send this letter to the insurance company that insures the sailing club."

Claimant maintains that the petition is untimely because petitioner had earlier written notice of the potential claim when claimant's father emailed petitioner's representative Allen Walker on September 8, 2016. This email stated, in relevant part:

> The second surgery was more painful due to having to make a break on what healed. So this one has had more pain and she is now starting to have less pain. We will be going back for a follow-up within the next few weeks. Laura mentioned something about your ability to cover the out of pocket? Let me know when you can discuss that or what you are proposing.

Petitioner responded on September 9, 2016, in relevant part:

> I know deductibles and time missed from work have set you back plenty and we would like to try to help with that as much as we can. CSC squeaked through our first season with minimal funds left in the bank. The first year was very tight since we had so much capital outlay for boats and other equipment. We have a car wash fundraiser scheduled for 9/24 to help replenish funds so that we can make repairs to equipment over the winter. But we'd like to offer a refund to you now for Julia's second week with us this past summer since she missed a few days. And to help encourage her return to CSC in 2017, we'd also like to offer Julia a free session in 2017. We hope she'll want to sign up for more sessions too! Please let me know if this sounds good to you.

The September 8, 2016 email failed to inform petitioner of a potential claim that exceeds the value of the vessel, because it provided no information about how much was necessary to cover "the out of pocket." Accordingly, the Court cannot find as a matter of law that the email dated September 8, 2016, triggered the statutory period for filing the petition. The motion to dismiss will be denied.

## **CONCLUSION**

For the reasons set forth above, claimant's motion to dismiss [#9] is DENIED.

DATED this 24th day of April, 2018, at Bridgeport, Connecticut.

        /s/Warren W. Eginton\_\_
        WARREN W. EGINTON
        SENIOR UNITED STATES DISTRICT JUDGE